IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACKY LAGUERRE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMISON, J.L., ET AL. | : | NO. 26-5498 |

## <u>ORDER</u>

**AND NOW**, this 10th day of August, 2026, upon consideration of Petitioner Jacky

Laguerre's Petition for Writ of Habeas Corpus (Docket No. 1) and Respondents' response in

opposition thereto, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.[1]

---

[1] Petitioner is a native of Haiti, who presented himself to immigration authorities at a port of entry on July 4, 2024. (Pet. ¶¶ 1, 19.) He was processed, granted permission to enter the United States on a temporary basis, and then released for entry into the country while he pursued an asylum application. (Id. ¶ 22.) Petitioner has since resided in Delaware, submitted an asylum application, and complied with all requirements for immigration check-ins with Immigration and Customs Enforcement. (Id. ¶¶ 1, 22-23.) He has established a community in Dover, Delaware, where he works in construction. (Id. ¶ 24.) According to Respondents, Petitioner currently has two pending charges in Delaware for third-degree misdemeanor assault, and previously had a charge of second-degree felony assault brought against him in Delaware, but that charge was nolle-prossed. (Resp. at 2.) On August 1, 2026, the Department of Homeland Security ("DHS") took Petitioner into custody without prior notice. (Pet. ¶ 25.) Petitioner is currently being held at the Philadelphia Federal Detention Center and is subject to a no transfer order that we issued on August 4, 2026. (Id. ¶ 26; 8/4/26 Ord.)

Petitioner challenges the lawfulness of his detention on statutory grounds and as a matter of due process. Respondents oppose the Petition. They do not contend that Petitioner's criminal history is the reason for his detention, but instead, argue, just as they have in hundreds of similar cases in this District, that we should deny the Petition because (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) his detention does not violate due process. At the same time, they acknowledge "the weight of circuit and district court authority against" their position that individuals like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Resp. at 2.)

Indeed, "courts in this District and across the country have repeatedly held [that Respondents'] arguments are unavailing." <u>Benitez Villa v. JL Jamison</u>, Civ. A. No. 26-1926, 2026 WL 907582, at *2 (E.D. Pa. Apr. 2, 2026); <u>see also</u> <u>Alekseev v. Warden, Phila. Fed. Detention Ctr.</u>, Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (stating that by February 13, 2026 "every member of this Court ha[d] repeatedly rejected the Government's interpretation

2.  Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is

instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

---

of the" Immigration and Nationality Act ("INA") in "201 decisions, all granting 'undocumented immigrants' habeas relief"). We previously analyzed the statutory issue in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025), and concluded, as a matter of statutory interpretation, that it is unlawful to subject individuals to mandatory detention under § 1225(b)(2)(A), because that provision "applies only to noncitizens who are just arriving or have recently arrived in the country, and does not apply to individuals . . . who have already entered and resided in the country for an extended period." Id. at *5 (alteration in original) (quotations omitted). Instead, we explained, "noncitizens . . . who have been residing in this country, can only be detained pursuant to § 1226 of the INA, which affords detainees the opportunity for bond." Id. at *1

Since we issued our Hurtado decision, the United States Courts of Appeals for the Second, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have "join[ed] the overwhelming majority of federal judges across the Nation" in concluding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission . . . ." Barbosa da Cunha v. Freden, 175 F.4th 61, 69 (2d Cir. 2026); see also Lopez-Campos v. Raycraft, 175 F.4th 713, 722 (6th Cir. 2026) ("holding that § 1225(b)(2)(A) does not apply to noncitizens like Petitioners[,]" who lived in the United States for years prior to being detained by ICE); Cirrus Rojas v. Olson, --- F.4th ---, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. Jul. 30, 2026) (holding that the petitioner, who was already "present in the United States without admission[,] is . . . not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is eligible for a bond hearing under 8 U.S.C. § 1226(a)"); Rodriguez Vazquez v. Bostock, --- F.4th ---, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. Jul. 30, 2026) (relying on the "text, context, and structure of the INA, considered as a whole," and holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); Santillan Quiroz v. Mullin, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding that "§ 1225(b)(2)(A) is limited to the border"); Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami, 175 F.4th 1258, 1262 (11th Cir. 2026) ("The text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing [the Illegal Immigration Reform and Immigrant Responsibility Act], yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here.").

We acknowledge that divided panels of the Fifth and Eighth Circuits have found otherwise, declaring Respondents' interpretation of § 1225 to be correct. See Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1134 (8th Cir. 2026). However, we find more persuasive the reasoning of the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, which is consistent with our own analysis in Hurtado and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected Respondents' arguments. See, e.g., Kashranov v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19,

3. Within four days of the date of this Order, the Government shall provide Petitioner with a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a). To the extent that the provision of a bond hearing requires the transfer of Petitioner to another facility, our August 4, 2026 no-transfer order is suspended for the limited purpose of facilitating that hearing.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than 5:00 p.m. on Friday, August 14, 2026, a certification of Petitioner's custody status.

5. Petitioner's unopposed request for an order requiring the Government to return all of his personal property, including identification and documents, is **GRANTED** to the extent that, if Petitioner is released on bond, the Government shall return such personal property to Petitioner upon his release.

6. With respect to Petitioner's request for an award of his costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), we **DEFER** any ruling. Petitioner may file an appropriate motion for costs and fees pursuant to the EAJA no later than August 28, 2026.

BY THE COURT:
/s/ John R. Padova, J.

_____
John R. Padova, J.

---

2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ. A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); Alekseev, 2026 WL 413439; Benitez Villa, 2026 WL 907582. Accordingly, for the reasons set forth in our Hurtado decision and the multitude of other consistent opinions in this District, we grant the instant Petition, concluding that Respondents do not have authority to detain Petitioner without a bond hearing under § 1225(b)(2). However, in light of Petitioner's criminal history, instead of ordering Petitioner's immediate release, we require Respondents to provide Petitioner with a bond hearing within four days of the date of this Order.